**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

 Plaintiff,

vs.                      No. CIV 11-443 JP/GBW

OMAR ARBELAEZ, Individually
and as Personal Representative of
the Estate of NORA ARBELAEZ,

 Defendant.

<u>CONSOLIDATED WITH</u>:

OMAR ARBELAEZ, Individually and as
Personal Representative of the Estate of
NORA ARBELAEZ, deceased;
VENNESSA ARBELAEZ, Individually and as
Personal Representative of the Estate of
JENNESSA SINGLETON, deceased;
and as Parent and Next Best Friend of
JEREMIAH SINGLETON, a minor,

 Plaintiffs,

vs.                      No. CIV 11-612 JP/GBW

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

 Defendant.

**MEMORANDUM OPINION AND ORDER**

  These consolidated cases stem from a single-car accident that occurred on November 20, 2006. Omar Arbelaez, who was not in the car at the time of the accident, owned the car and had automobile insurance through American National Property and Casualty Company (ANPAC).

1

Following the accident, Omar Arbelaez and Vennessa Arbelaez filed a lawsuit in state court against ANPAC. Omar Arbelaez and Vennessa Arbelaez subsequently entered into a settlement agreement with ANPAC, and the state court dismissed the lawsuit with prejudice.

On May 23, 2011, ANPAC filed a Complaint for Declaratory Judgment,[1] asking the Court to enter judgment that Omar Arbelaez is bound by the terms of the settlement agreement and is barred from asserting any further claims related to the November 20, 2006, accident. On November 18, 2011, ANPAC moved the Court for summary judgment[2] on ANPAC's Complaint for Declaratory Judgment. The Court has reviewed ANPAC's Motion for Summary Judgment, the record in these consolidated cases, and the relevant law, and the Court concludes that ANPAC's Motion for Summary Judgment should be granted with regard to Omar Arbelaez, the defendant named in ANPAC's Complaint for Declaratory Judgment.

## BACKGROUND[3]

On November 20, 2006, Jeremy Singleton was driving Omar Arbelaez's 2002 Chrysler Sebring southbound on Interstate 25 in Douglas County, Colorado, with four passengers when the car struck a dead deer that was lying in the roadway, causing the car to roll over. As a result of the accident, Jeremy Singleton and Jennessa Singleton died, and Vennessa Arbelaez, Jeremiah

---

[1] On May 23, 2011, ANPAC filed a COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 1) (Complaint for Declaratory Judgment). On June 16, 2011, Omar Arbelaez filed DEFENDANT OMAR ARBELAEZ', Individually, and as Personal Representative of the Estate of NORA ARBELAEZ' ANSWER TO PLAINTIFF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a foreign corporation's COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 4) (Arbelaez Answer).

[2] On November 18, 2011, ANPAC filed AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 35) (Motion for Summary Judgment). Omar Arbelaez did not file a Response.

[3] The following facts are undisputed.

Singleton, and Nora Arbelaez were injured. Nora Arbelaez sustained severe injuries and died on June 8, 2008.

At the time of the accident, Omar Arbelaez carried liability and uninsured/underinsured motorist (UM/UIM) insurance coverage from ANPAC under Policy No. 30-A-198-04A-6. *See* Complaint for Declaratory Judgment ¶¶ 10-11; Arbelaez Answer ¶¶ 10-11. After the accident, Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, along with Vennessa Arbelaez, individually, as natural parent and next friend of Jeremiah Singleton, and as personal representative of the Estate of Jennessa Singleton, made demand upon ANPAC, both as the liability insurer for Jeremy Singleton and as the UM/UIM carrier for Omar Arbelaez. Omar Arbelaez and Vennessa Arbelaez also filed a wrongful death and personal injury lawsuit against ANPAC in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, captioned as Case No. D-1329-CV-2008-02128.

The Arbelaezes and ANPAC, through legal counsel, subsequently negotiated a settlement of the Arbelaezes' claims. On November 25, 2008, Omar Arbelaez and Vennessa Arbelaez each executed a settlement agreement in which they agreed to release ANPAC from all claims, "known or unknown, whether developed or undeveloped, on account of or in any way growing out of any and all known and unknown personal injuries, property damage, or claims of whatever nature," resulting from the November 20, 2006, accident, in exchange for ANPAC's payment of specified amounts of insurance benefits. *See* RELEASE IN FULL AND INDEMNITY AGREEMENT (Doc. No. 1-1) (Exhibit A); RELEASE IN FULL AND INDEMNIFICATION AGREEMENT (Doc. No. 1-2) (Exhibit B). The Release in Full and Indemnity Agreement executed by Vennessa Arbelaez included a settlement on behalf of minor Jeremiah Singleton, which required the approval of the Thirteenth Judicial District Court. *See*

3

Exhibit A.

On November 25, 2008, the Thirteenth Judicial District Court entered an order dismissing Case No. D-1329-CV-2008-02128, which provides,

> THIS MATTER having come before the Court on Plaintiff's Motion to Dismiss With Prejudice, on the grounds that all matters in controversy between Plaintiffs and Defendants have been fully settled and compromised; the Court, having reviewed said Motion and being otherwise fully advised in the premises,
> FINDS that the Court has jurisdiction over the parties and subject matter herein, and that said Motion is well-taken and should be granted.
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff's Complaint for Damages for Wrongful Death and Personal Injuries, and all causes of action or counts that are or that could have been filed therein, be and the same hereby are dismissed with prejudice.

ORDER OF DISMISSAL (Doc. No. 1-3) (Exhibit C). The Thirteenth Judicial District Court also entered an order approving the settlement on behalf of minor Jeremiah Singleton. *See* ORDER APPROVING SETTLEMENT (Doc. No. 1-4) (Exhibit D).

On April 18, 2011, despite the settlement agreement and dismissal with prejudice of the Arbelaezes' lawsuit more than two years earlier, attorney George Bleus sent a letter to ANPAC, stating that his clients, the Arbelaezes, intended to make a claim for additional insurance benefits for the personal injuries and deaths resulting from the November 20, 2006, accident. *See* Exhibit E (Doc. No. 1-5). Mr. Bleus explained that the Arbelaezes' insurance coverage limits may have been reformed by two recent New Mexico Supreme Court opinions, *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, 149 N.M. 157, 245 P.3d 1209, and *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214. *See* Exhibit E. Accordingly, Mr. Bleus asserted that the Arbelaezes' claim should have settled for more than the amount tendered by ANPAC. *See id.*

In response to the letter from Mr. Bleus regarding the Arbelaezes' intent to seek

additional insurance benefits, ANPAC filed its Complaint for Declaratory Judgment against Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez. ANPAC argues that Omar Arbelaez cannot assert additional claims against ANPAC due to the binding effect of the settlement agreement and the Thirteenth Judicial District Court's dismissal of Case No. D-1329-CV-2008-02128 with prejudice. Complaint for Declaratory Judgment at 4.

On June 20, 2011, Omar Arbelaez and Vennessa Arbelaez filed suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, against ANPAC,[4] alleging nine counts: (1) breach of contract; (2) insurance company bad faith; (3) violation of the New Mexico Insurance Code Unfair Insurance Practices Act (UIPA), NMSA 1978, §§ 59A-16-1 to -30; (4) violation of the New Mexico Unfair Practices Act, 1978 NMSA, §§ 57-12-1 to -26; (5) unconscionable trade practice; (6) intentional infliction of emotional distress; (7) fraud; (8) negligent misrepresentation; and (9) unreasonable delay. *See* Arbelaez Complaint at 7-19. The Arbelaezes base all the claims in the Arbelaez Complaint on ANPAC's failure to reform Omar Arbelaez's insurance policy to provide greater UM/UIM coverage after the New Mexico

---

[4] On June 20, 2011, Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of Jeremiah Singleton, a minor, filed a COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM & TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT (UIPA); VIOLATION OF UNFAIR BUSINESS & TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; & UNREASONABLE DELAY (Doc. No. 1-1 in Case No. CIV 11-612 JP/GBW) (Arbelaez Complaint). On July 20, 2011, ANPAC filed its ANSWER TO COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM AND TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT; VIOLATION OF UNFAIR BUSINESS AND TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY (Doc. No. 4 in Case No. CIV 11-612, JP/GBW) (ANPAC Answer).

Supreme Court filed the *Weed Warrior* and *Jordan* opinions in October 2010.

On July 11, 2011, ANPAC removed the Arbelaez Complaint to this Court. *See* NOTICE OF REMOVAL (Doc. No. 1 in Case No. CIV 11-612 JP/GBW). *See* Arbelaez Complaint ¶¶ 28-36. On September 8, 2011, the Court consolidated ANPAC's Complaint for Declaratory Judgment with the Arbelaez Complaint.[5]

On June 24, 2011, Omar Arbelaez filed a Motion for Judgment on the Pleadings under Rule 12(c),[6] arguing that the facts are undisputed and that Omar Arbelaez was entitled to judgment as a matter of law. *See* Motion for Judgment on the Pleadings at 3, 5. Omar Arbelaez argued that his insurance policy was reformed by the New Mexico Supreme Court when the New Mexico Supreme Court filed the *Jordan* opinion, almost two years after Case No. D-1329-CV-2008-02128 settled. *Id.* at 9. Omar Arbelaez asked the Court to (1) reform Omar Arbelaez's Release in Full and Indemnification Agreement to provide UM/UIM coverage equal to the liability limits in his insurance policy and (2) dismiss ANPAC's Complaint for Declaratory Judgment. *See* Motion for Judgment on the Pleadings at 11. On October 28, 2011, the Court denied Omar Arbelaez's Motion for Judgment on the Pleadings. *See* MEMORANDUM

---

[5] The Court entered an ORDER OF CONSOLIDATION (Doc. No. 19), consolidating Case No. CIV 11-612 JP/GBW into Case No. CIV 11-443 JP/GBW for all purposes and ordering that all future filings should be in Case No. CIV 11-443 JP/GBW.

[6] Omar Arbelaez filed DEFENDANT OMAR ARBELAEZ', Individually; and as Personal Representative of the Estate of NORA ARBELAEZ' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. RULE 12(c) (Doc. No. 6) (Motion for Judgment on the Pleadings). On July 8, 2011, ANPAC filed PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT OMAR ARBELAEZ' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. RULE 12(C) (Doc. No. 8) (Response). On July 21, 2011, Omar Arbelaez filed DEFENDANT OMAR ARBELAEZ', Individually; and as Personal Representative of the Estate of NORA ARBELAEZ' REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. RULE 12(c) (Doc. No. 11) (Reply).

OPINION AND ORDER (Doc. No. 30).

On November 17, 2011, Omar Arbelaez filed a NOTICE OF INTERLOCUTORY APPEAL (Doc. No. 39), seeking review by the Tenth Circuit Court of Appeals of this Court's Memorandum Opinion and Order (Doc. No. 30). On January 19, 2012, the Tenth Circuit issued a mandate dismissing the appeal under Local Rule 10th Cir. R. 27.3(A)(9) (providing for voluntary dismissal by stipulation of the parties). *See* ORDER (Doc. No. 50-1).

## DISCUSSION

ANPAC argues that Omar Arbelaez is bound by his previously-executed Release in Full and Indemnification Agreement and is therefore barred and estopped from bringing or otherwise reasserting any claims that were or could have been asserted in the state court lawsuit relating to the November 20, 2006, accident. Motion for Summary Judgment at 2, 6. ANPAC asks the Court to enter an order granting ANPAC's Motion for Summary Judgment and a judgment declaring that Omar Arbelaez and, by extension, the Estate of Nora Arbelaez, Vennessa Arbelaez, the Estate of Jennessa Singleton, and Jeremy Singleton, have no viable claims against ANPAC for additional monies, whether such claims are based on contract law, statutory law, common law, or otherwise. *Id.* at 11.

**A.     Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden" to show the absence of a genuine dispute of material fact. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the movant meets this initial burden, the burden then shifts to the nonmovant" to show the presence of a genuine dispute, *id.*, one that

"can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The nonmovant may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *See id.* at 248-49; *Ford v. Pryor*, 552 F.3d 1174, 1177-78 (10th Cir. 2008) (providing that the nonmovant "must present more than a scintilla of evidence").

Omar Arbelaez did not file a Response to ANPAC's Motion for Summary Judgment. Under the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). But the Court must evaluate the merits of ANPAC's motion for summary judgment even though Omar Arbelaez has not filed a response. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (explaining that "although a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.").

**B.     New Mexico Supreme Court Opinions: *Weed Warrior* and *Jordan***

Omar Arbelaez's position in this federal court lawsuit has been that the court-approved settlement agreement in the state court lawsuit should be reopened and modified based on the New Mexico Supreme Court's holdings in *Weed Warrior*, 2010-NMSC-050, and *Jordan*, 2010-

NMSC-051.[7] *See* Arbelaez Answer at 5; Motion for Judgment on the Pleadings at 4, 11.

In *Weed Warrior* and *Jordan*, the New Mexico Supreme Court interpreted New Mexico's UM/UIM statute, NMSA 1978, Section 66-5-301 (1983), and regulation 13.12.3.9 NMAC (05/14/2004). Subsection A of Section 66-5-301 mandates uninsured motorist coverage as follows:

> No motor vehicle or automobile liability policy . . . shall be delivered or issued for delivery in New Mexico . . . unless coverage is provided . . . in minimum limits . . . and such higher limits as may be desired by the insured, but up to the limits of liability specified in . . . the insured's policy, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . .

Subsection B of Section 66-5-301 provides that "[t]he uninsured motorist coverage described in Subsection A . . . shall include underinsured motorist coverage . . . ." Subsection C of Section 66-5-301 provides that "[t]he named insured shall have the right to reject uninsured motorist coverage as described in Subsections A and B." Regulation 13.12.3.9 NMAC states that "the rejection of the provisions covering damage caused by an uninsured or unknown motor vehicle as required in writing by the provisions of Section 66-5-301 . . . must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance."

---

[7] The Court questions whether it has subject matter jurisdiction to set aside the state court judgment or the state court approved settlement agreement. Congress vested exclusive authority to review state court judgments in the United States Supreme Court. 28 U.S.C. § 1257. "Generally, the *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotation omitted); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 US. 280, 283 (2005) (explaining that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see also 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 n.5 (7th Cir. 2000) (concluding that a "state court approved settlement agreement is a judgment or decision for purposes of the *Rooker-Feldman* doctrine").

In *Weed Warrior*, the New Mexico Supreme Court considered "the duty imposed on insurers to offer [UM/UIM] coverage" under Section 66-5-301. *Weed Warrior*, 2010-NMSC-050, ¶ 1. The New Mexico Supreme Court held that Section 66-5-301 requires an automobile insurer to "offer UM/UIM coverage in an amount equal to the liability limits of the policy" and concluded "that the choice of the insured to purchase any lower amount [of UM/UIM coverage] functions as a rejection of that maximum amount of coverage statutorily possible." *Id.* ¶ 15.

In *Jordan*, decided the same day as *Weed Warrior*, the New Mexico Supreme Court clarified the elements of a valid rejection of UM/UIM coverage as follows:

> If an insurer does not (1) offer the insured UM/UIM coverage equal to his or her liability limits, (2) inform the insured about premium costs corresponding to the available levels of coverage, (3) obtain a written rejection of UM/UIM coverage equal to the liability limits, and (4) incorporate that rejection into the policy in a way that affords the insured a fair opportunity to reconsider the decision to reject, the policy will be reformed to provide UM/UIM coverage equal to the liability limits.

*Jordan*, 2010-NMSC-051, ¶ 22.

Having articulated these elements for a valid rejection of UM/UIM coverage, the New Mexico Supreme Court reviewed three consolidated cases on appeal from the New Mexico Court of Appeals. *Id.* ¶ 1. In each case, the automobile insurer had issued an insurance policy to the insured that provided a lower amount of UM/UIM coverage than the amount of liability coverage. *Id.* In each of the three consolidated cases, the New Mexico Supreme Court found that the defendant insurer had not obtained a valid rejection of UM/UIM coverage from the insured and concluded that the appropriate remedy was reformation of the insurance policy to provide UM/UIM coverage equal to the liability limits. *Id.* ¶¶ 1-2.

Finally, the New Mexico Supreme Court considered whether its holdings in *Jordan* should be limited to a prospective application. *See id.* ¶¶ 25-29. The New Mexico Supreme

Court follows a presumption that its decisions apply retroactively. *Id.* ¶ 26; *see Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 7, 126 N.M. 258, 968 P.2d 769 ("If a decision does not mention otherwise, the newly fashioned rule is presumed to apply retroactively to all pending cases and appeals."). The presumption of retroactivity "'can be overcome by an express declaration, in the case announcing the new rule,'" that the new rule will be given a prospective application. *Jordan*, 2010-NMSC-051, ¶ 26 (quoting *Beavers v. Johnson Controls World Servs., Inc.*, 118 N.M. 391, 398, 881 P.2d 1376, 1383 (1994)).[8] The New Mexico Supreme Court concluded that the elements of a valid rejection of UM/UIM coverage should not "be limited to prospective application only," but instead should be applied "to [automobile insurance] policies . . . that were issued before the date" that the *Jordan* opinion was decided. *Id.* ¶ 25. The New Mexico Supreme Court noted that reforming automobile insurance policies already in effect will "result in an unplanned cost to insurers who have not secured meaningful rejection and who have not collected appropriate premiums for full coverage" but explained that it is "more equitable to let the financial detriments be borne by insurers, who were in a better position to ensure meaningful compliance with the law, than to let the burdens fall on non-expert insureds, who are the Legislature's intended beneficiaries" under Section 66-5-301. *Id.* ¶ 29.

---

[8] New Mexico's approach differs from that taken by the United States Supreme Court. When the United States Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and *must be given full retroactive effect* in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Court's] announcement of the rule." *Harper v. Va. Dep't of Transp.*, 509 U.S. 86, 97 (1993) (emphasis added).

C.  **Application as to Omar Arbelaez, Individually and as Personal Representative of the Estate of Nora Arbelaez**

Relying on the retroactivity language in *Jordan*, Omar Arbelaez argues that the *Jordan* opinion operates to reform both his insurance policy and his previously-executed Release in Full and Indemnification Agreement.[9] Answer at 5-7. ANPAC argues that retroactive application of a New Mexico appellate decision does not extend to reopen prior final judgments or settlement agreements. Motion for Summary Judgment at 9-10. Because the material facts presented in ANPAC's Motion for Summary Judgment are undisputed, the Court must determine as a matter of law whether retroactive application of the *Jordan* opinion can act to reopen the parties' settlement agreement and the Thirteenth Judicial District Court's dismissal with prejudice of Case No. D-1329-CV-2008-02128.

The New Mexico Supreme Court did not expressly define the terms "retroactive," "retroactivity," or "retroactively" in the *Jordan* opinion. But other New Mexico cases demonstrate that an appellate ruling in a civil case, applied retroactively, will affect pending cases and appeals, as well as future cases, and will not operate to reopen cases that have been finally determined. In *State ex rel. Martinez v. City of Las Vegas*, the New Mexico Supreme Court explained that "[r]etroactive application of a ruling in a civil case means that the new rule of law applies to *all cases not finally determined*, including the case in which the new rule is adopted, regardless of whether the events in question occurred after or before the ruling is

---

[9] On September 6, 2011, the Court held a hearing on Omar Arbelaez's Motion for Judgment on the Pleadings. At the hearing, attorney George Bleus explained that, in his view, the New Mexico Supreme Court's holdings in *Jordan* and *Weed Warrior* apply retroactively to all cases filed after the 2004 amendment to regulation 13.12.3.9 NMAC (providing that a rejection of UM/UIM insurance "must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property damage insurance").

announced." 2004-NMSC-009, ¶ 49, 135 N.M. 375, 89 P.3d 47 (emphasis added); *see also Stein*, 1998-NMSC-040, ¶ 7 (explaining that rulings are "presumed to apply retroactively to all pending cases and appeals.").

The *City of Las Vegas* definition of "retroactive" comports with the New Mexico Supreme Court's holding in *Jordan* that the elements for a valid rejection of UM/UIM insurance apply to insurance policies that were issued before the date the *Jordan* opinion was filed, despite the unplanned cost to insurers. *See Jordan*, 2010-NMSC-051, ¶ 25; *see also Beavers*, 118 N.M. at 397 n.7, 881 P.2d at 1382 n.7 ("Retroactivity . . . occurs when a decision applies not only to *acts* occurring after announcement of the decision and to the litigants before the court, but also to *acts* occurring before the announcement." (emphasis added)).

The Court concludes that retroactive application of the *Jordan* opinion cannot extend to reopen the final judgment in Case No. D-1329-CV-2008-02128 or the settlement agreement between Omar Arbelaez and ANPAC. New Mexico follows a presumption that its appellate decisions apply retroactively; yet numerous public policy considerations counsel against the reopening of cases that have been finally determined. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 12, 124 N.M. 754, 955 P.2d 683 (noting that "final judgments can be reopened only in very limited circumstances"). "It is the policy of the law and of the State of New Mexico to favor settlement agreements." *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 106 N.M. 705, 707, 749 P.2d 90, 92 (1988). And "[p]ublic policy requires that there be an end to litigation and that rights once established by a final judgment shall not again be litigated in any subsequent proceeding." *Ealy v. McGahen*, 37 N.M. 246, 251, 21 P.2d 84, 87 (1933); *see also Whenry v. Whenry*, 98 N.M. 737, 741, 652 P.2d 1188, 1192 (1982) (explaining that "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the

judgment may have been wrong or rested on a legal principle subsequently overruled in another case" (quotation omitted)); *see also James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 541 (1991) (Souter, J., plurality decision) ("[R]etroactivity in civil cases must be limited by the need for finality; once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed." (citation omitted)). "The principle of finality serves a multitude of purposes, including . . . the promotion of judicial economy." *Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879.

Unlike the litigants in *Jordan*, Omar Arbelaez's lawsuit resulted in a settlement agreement and final judgment almost two years before the New Mexico Supreme Court filed the *Jordan* opinion. Retroactive application of the *Jordan* opinion does not extend to reopen Omar Arbelaez's settlement agreement or the final judgment entered by the Thirteenth Judicial District Court. ANPAC's Motion for Summary Judgment will be granted with regard to Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez.

**D.      Application as to Vennessa Arbelaez, Individually, as Personal Representative of the Estate of Jennessa Singleton, and as Parent and Next Best Friend of Jeremiah Singleton, a Minor**

ANPAC also asks the Court to enter judgment in ANPAC's favor declaring that Vennessa Arbelaez, the Estate of Jennessa Singleton, and Jeremiah Singleton have no viable claims against ANPAC for additional monies in this case. Motion for Summary Judgment at 11. However, in the Complaint for Declaratory Judgment, ANPAC did not name as defendants Vennessa Arbelaez, the Estate of Jennessa Singleton, or Jeremiah Singleton. The Court will deny ANPAC's requested relief regarding Vennessa Arbelaez, the Estate of Jennessa Singleton, and Jeremiah Singleton because they are not named in the Complaint for Declaratory Judgment.

**IT IS ORDERED THAT:**

1. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 35) is granted with regard to Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez; and

2. AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 35) is denied with regard to Vennessa Arbelaez, the Estate of Jennessa Singleton, and Jeremiah Singleton.

*/s/ James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE