IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

    Plaintiff,

vs.      No. CIV 11-443 JP/GBW

OMAR ARBELAEZ, Individually
and as Personal Representative of
the Estate of NORA ARBELAEZ,

    Defendant.

CONSOLIDATED WITH:

OMAR ARBELAEZ, Individually and as
Personal Representative of the Estate of
NORA ARBELAEZ, deceased;
VENNESSA ARBELAEZ, Individually and as
Personal Representative of the Estate of
JENNESSA SINGLETON, deceased;
and as Parent and Next Best Friend of
JEREMIAH SINGLETON, a minor,

    Plaintiffs,

vs.      No. CIV 11-612 JP/GBW

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant American National Property and Casualty Company (ANPAC) filed a Motion to File an Amended Answer and Counterclaim and attached ANPAC's Proposed Amended

1

Answer and Counterclaim as an exhibit.[1] The Arbelaezes have not filed a Response. The Court concludes that ANPAC's Motion to File an Amended Answer and Counterclaim should be granted in order to resolve this litigation and to enable the Arbelaezes to file an appeal.

## Background

These consolidated cases stem from a single-car accident that occurred on November 20, 2006. As a result of the accident, Jeremy Singleton and Jennessa Singleton died, and Vennessa Arbelaez, Jeremiah Singleton, and Nora Arbelaez were injured. Nora Arbelaez sustained severe injuries and died on June 8, 2008. Omar Arbelaez, who was not in the car at the time of the accident, owned the car and had automobile insurance through ANPAC. Following the accident, Omar Arbelaez and Vennessa Arbelaez filed a lawsuit in state court against ANPAC. Omar Arbelaez and Vennessa Arbelaez subsequently entered into a settlement agreement with ANPAC, and on November 25, 2008, the state court dismissed the lawsuit with prejudice.

On April 18, 2011, despite the settlement agreement and dismissal with prejudice of the Arbelaezes' lawsuit more than two years earlier, attorney George Bleus sent a letter to ANPAC,

---

[1] On April 11, 2012, ANPAC filed a MOTION AND ARGUMENT IN FAVOR OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM IN CASE NO. CIV 11-612 JP/GBW (Doc. No. 17 in Case No. CIV 11-612 JP/GBW) (Motion to File an Amended Answer and Counterclaim). A Response was not filed by Plaintiffs ("the Arbelaezes," collectively): Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez; and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of Jeremiah Singleton. ANPAC also filed its proposed FIRST AMENDED ANSWER TO COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM AND TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT; VIOLATION OF UNFAIR BUSINESS AND TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY AND COUNTERCLAIM FOR DECLARATORY JUDGMENT (Doc. No. 17-1) (Proposed Amended Answer and Counterclaim).

2

stating that the Arbelaezes intended to make a claim for additional insurance benefits for the personal injuries and deaths resulting from the November 20, 2006 accident. *See* Doc. No. 1-5. Mr. Bleus explained that the Arbelaezes' insurance coverage limits may have been reformed by two recent New Mexico Supreme Court opinions, *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, 149 N.M. 157, 245 P.3d 1209, and *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214. *See* Doc. 1-5. Accordingly, Mr. Bleus asserted that the Arbelaezes' claim should have settled for more than the amount tendered by ANPAC. *See id.*

On May 23, 2011, ANPAC filed Case No. CIV 11-443 JP/GBW, seeking a declaratory judgment that Omar Arbelaez is bound by the terms of the settlement agreement and is barred from asserting any further claims related to the November 20, 2006 accident.[2]

On June 20, 2011, Omar Arbelaez and Vennessa Arbelaez filed suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, against ANPAC, alleging nine counts: (1) breach of contract; (2) insurance company bad faith; (3) violation of the New Mexico Insurance Code Unfair Insurance Practices Act (UIPA), NMSA 1978, §§ 59A-16-1 to -30; (4) violation of the New Mexico Unfair Practices Act, 1978 NMSA, §§ 57-12-1 to -26; (5) unconscionable trade practice; (6) intentional infliction of emotional distress; (7) fraud; (8)

---

[2] On May 23, 2011, ANPAC filed a COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 1). On June 16, 2011, Omar Arbelaez filed DEFENDANT OMAR ARBELAEZ', Individually, and as Personal Representative of the Estate of NORA ARBELAEZ' ANSWER TO PLAINTIFF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a foreign corporation's COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 4).

negligent misrepresentation; and (9) unreasonable delay.[3] The Arbelaezes base all the claims in the Arbelaez Complaint on ANPAC's failure to reform Omar Arbelaez's insurance policy to provide greater UM/UIM coverage after the New Mexico Supreme Court filed the *Weed Warrior* and *Jordan* opinions in October 2010.

On July 11, 2011, ANPAC removed the Arbelaez Complaint, Case No. CIV 11-612 JP/GBW, to this Court.[4] On September 8, 2011, the Court consolidated Case No. CIV 11-443 JP/GBW with Case No. CIV 11-612 JP/GBW.[5] In the Order of Consolidation, the Court stated that "[a]ll future filings" in these consolidated cases "should be in No. CIV 11-443 JP/GBW." Doc. No. 19.

On November 18, 2011, ANPAC moved the Court for summary judgment[6] in Case No.

---

[3] On June 20, 2011, the Arbelaezes filed a COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM & TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT (UIPA); VIOLATION OF UNFAIR BUSINESS & TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; & UNREASONABLE DELAY (Doc. No. 1-1 in Case No. CIV 11-612 JP/GBW,) (Arbelaez Complaint). On July 20, 2011, ANPAC filed its ANSWER TO COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM AND TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT; VIOLATION OF UNFAIR BUSINESS AND TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY (Doc. No. 4 in Case No. CIV 11-612 JP/GBW).

[4] *See* NOTICE OF REMOVAL (Doc. No. 1 in Case No. CIV 11-612 JP/GBW).

[5] The Court entered an ORDER OF CONSOLIDATION (Doc. No. 19), consolidating Case No. CIV 11-612 JP/GBW into Case No. CIV 11-443 JP/GBW for all purposes and ordering that all future filings should be in Case No. CIV 11-443 JP/GBW.

[6] On November 18, 2011, ANPAC filed AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 35) (Motion for Summary Judgment). Omar Arbelaez did not file a Response.

CIV 11-443 JP/GBW, arguing that Omar Arbelaez should be barred from bringing any claims that were or could have been asserted in the state court lawsuit relating to the November 20, 2006 accident. Motion for Summary Judgment at 2, 6. ANPAC asked the Court to enter a judgment declaring that the Arbelaezes have no viable claims against ANPAC. *Id.* at 11.

On March 19, 2012, the Court granted ANPAC's Motion for Summary Judgment with regard to Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 55); SUMMARY JUDGMENT (Doc. No. 56). But the Court denied ANPAC's Motion for Summary Judgment with regard to Vennessa Arbelaez, the Estate of Jennessa Singleton, and minor Jeremiah Singleton, because ANPAC did not name them as defendants in Case No. CIV 11-443 JP/GBW. *See* Doc. No. 55, at 14-15.

On March 19, 2012, the Court sent a letter to the parties, asking whether all the claims brought by the Arbelaezes against ANPAC in Case No. CIV 11-612 JP/GBW were resolved by the Memorandum Opinion and Order (Doc. No. 55) and Summary Judgment (Doc. No. 56) in Case No. CIV 11-443 JP/GBW. On March 26, 2012, attorney George Bleus responded by letter that the Arbelaezes intend to appeal a dismissal of their claims for bad faith, breach of contract, and "other claims" when a final judgment is issued on those claims. Paul Houston, counsel for ANPAC, responded that although no claims survive the Court's Memorandum Opinion and Order and Summary Judgment, "some housekeeping may be required to finally resolve the consolidated cases" because summary judgment has not been granted against Vennessa Arbelaez, the Estate of Jennessa Singleton, or Jeremiah Singleton. In order to resolve the remaining claims, Mr. Houston proposed three alternatives: (1) the Court could grant ANPAC's two pending motions for summary judgment in Case No. CIV 11-612 JP/GBW, (2) the Court

n
y

could grant ANPAC leave to amend ANPAC's answer in Case No. CIV 11-612 JP/GBW to include a counterclaim for declaratory judgment, or (3) the parties could enter into a stipulated order formally dismissing the claims in Case No. CIV 11-612 JP/GBW.

In response to the parties' March 26, 2012 letters, the Court sent a letter to the parties on March 29, 2012, asking the parties to consider a stipulated order of dismissal, which would expedite the Arbelaezes' appeal. In the alternative, the Court suggested that Mr. Houston file a motion to amend ANPAC's answer in Case No. CIV 11-612 JP/GBW to include a counterclaim for declaratory judgment. On April 4, 2012, Mr. Houston sent the Court a letter explaining that he had been unable to determine whether a stipulated dismissal would be acceptable to the Arbelaezes, and Mr. Houston expressed his intent to proceed with a motion to amend ANPAC's answer. ANPAC filed its Motion to File an Amended Answer and Counterclaim on April 11, 2012. The Arbelaezes have not filed a Response.

## Discussion

As a preliminary matter, the Court notes that ANPAC's Motion to File an Amended Answer and Counterclaim was filed as Doc. No. 17 in Case No. CIV 11-612 JP/GBW. The Court reminds the parties that, under the Order of Consolidation (Doc. No. 19), all filings in these consolidated cases should be in the docket for Case No. CIV 11-443 JP/GBW. This remains true despite the fact that Case No. 11-443 JP/GBW is now closed.

With regard to the merits of ANPAC's Motion to File an Amended Answer and Counterclaim, the Court concludes that the motion should be granted for two reasons. First, by failing to respond to the Motion to File an Amended Answer and Counterclaim, the Arbelaezes have consented to the granting of the motion under the Court's Local Rules of Civil Procedure. A response to a motion must be served and filed within fourteen calendar days after service of

the motion. *See* D.N.M.LR-CIV. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-CIV. 7.1(b).

Second, the Court concludes that ANPAC's Motion to File an Amended Answer and Counterclaim should be granted under Fed. R. Civ. P. 15(2), which instructs the Court to freely grant a party leave to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(2). "In the absence of an apparent reason to refuse leave to amend—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of an amendment, etc.—the leave sought should, as the rules require, be freely given." *Triplett v. LeFlore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983) (quotation marks and citation omitted). "The party opposing the amendment has the burden of showing prejudice." *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998).

In this case, the interests of justice dictate that the Court grant ANPAC's Motion to File an Amended Answer and Counterclaim. It appears to the Court that the ruling and analysis set forth in the Memorandum Opinion and Order (Doc. No. 55) in Case No. CIV 11-443 JP/GBW warrant the dismissal of the claims brought by the Arbelaezes in Case No. CIV 11-612 JP/GBW. Granting ANPAC's motion will enable the Court to resolve expeditiously any remaining claims. Once the claims are resolved by this Court, the Arbelaezes will be able to proceed with an appeal.

The Court will grant ANPAC's Motion to File an Amended Answer and Counterclaim but requests that ANPAC revise its Proposed Amended Answer and Counterclaim before filing it. In the Proposed Amended Answer and Counterclaim, ANPAC asks for declaratory judgment

against "Defendants" without clearly defining "Defendants." ANPAC should file an Amended Answer and Counterclaim that clearly asserts a counterclaim for declaratory judgment against all Plaintiffs in Case No. CIV 11-612 JP/GBW, including Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez; and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of minor Jeremiah Singleton. ANPAC may file an Amended Answer and Counterclaim consistent with this Memorandum Opinion and Order by May 17, 2012.

**IT IS ORDERED THAT**

1. American National Property and Casualty Company's MOTION AND ARGUMENT IN FAVOR OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM IN CASE NO. CIV 11-612 JP/GBW (No. CIV 11-612 JP/GBW, Doc. No. 17) is granted;

2. American National Property and Casualty Company may file an Amended Answer and Counterclaim consistent with this Memorandum Opinion and Order by May 17, 2012; and

3. All future filings in these consolidated cases should be in Case No. CIV 11-443 JP/GBW.

_____
UNITED STATES DISTRICT COURT JUDGE