UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

    Plaintiff,

vs.                                                                              No. CIV 11-443 JP/GBW

OMAR ARBELAEZ, Individually
and as Personal Representative of
the Estate of NORA ARBELAEZ,

    Defendant.

<u>CONSOLIDATED WITH</u>:

OMAR ARBELAEZ, Individually and as
Personal Representative of the Estate of
NORA ARBELAEZ, deceased;
VENNESSA ARBELAEZ, Individually and as
Personal Representative of the Estate of
JENNESSA SINGLETON, deceased;
and as Parent and Next Best Friend of
JEREMIAH SINGLETON, a minor,

    Plaintiffs,

vs.                                                                              No. CIV 11-612 JP/GBW

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

       On June 20, 2012, the Court held a hearing to discuss the status of these consolidated

cases. Attorney Paul Houston represented American National Property and Casualty Company

1

(ANPAC), and attorneys Richard Valle, Criostoir O'Cleireachain, and Josh Eden represented Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez; and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of Jeremiah Singleton, a minor ("the Arbelaezes," collectively).

There are two pending motions in Case No. CIV 11-443 JP/GBW: (1) Omar Arbelaez's Motion for Extension of Time to File a Notice of Appeal,[1] and (2) Omar Arbelaez's Motion for a Jury Trial.[2] At the June 20, 2012, hearing, the Court determined that Omar Arbelaez's Motion for Extension of Time to File a Notice of Appeal should be granted and that Omar Arbelaez's Motion for a Jury Trial should be denied as moot.

As for Case No. CIV 11-612 JP/GBW, at the June 20, 2012, hearing the Court discussed ANPAC's Amended Answer and Counterclaim for Declaratory Judgment, filed May 8, 2012, with leave of the Court. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 65). At the hearing, the Court asked ANPAC to file any dispositive motions by June 22, 2012.

---

[1] On April 18, 2012, Defendant Arbelaez filed DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL, PURSUANT TO FED. R. APP. RULE 4(a)(5) (Doc. No. 57) (Motion to Extend Time for Appeal). On May 2, 1012, Plaintiff American National Property and Casualty Company filed PLAINTIFF ANPAC'S RESPONSE IN OPPOSITION TO DEFENDANT ARBELAEZ' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL (Doc. No. 64) (Response). On May 16, 2012, Defendant Arbelaez filed DEFENDANTS' REPLY TO PLAINTIFF ANPAC'S RESPONSE IN OPPOSITION TO DEFENDANTS ARBELAEZ' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL (Doc. No. 67) (Reply).

[2] On September 26, 2011, Omar Arbelaez filed DEFENDANTS' MOTION FOR JURY TRIAL (Doc. No. 21). On October 7, 2011, ANPAC filed PLAINTIFF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JURY TRIAL (Doc. No. 25). On November 16, 2011, Omar Arbelaez filed DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR JURY TRIAL (Doc. No. 32).

**BACKGROUND**

These consolidated cases stem from a single-car accident that occurred on November 20, 2006. Jeremy Singleton was driving Omar Arbelaez's 2002 Chrysler Sebring southbound on Interstate 25 in Douglas County, Colorado, with four passengers when the car struck a dead deer that was lying in the roadway, causing the car to roll over. As a result of the accident, Jeremy Singleton and Jennessa Singleton died, and Vennessa Arbelaez, Jeremiah Singleton, and Nora Arbelaez were injured. Nora Arbelaez sustained severe injuries and died on June 8, 2008.

Omar Arbelaez, who was not in the car at the time of the accident, owned the car and carried liability and uninsured/underinsured motorist (UM/UIM) insurance coverage from ANPAC. After the accident, Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, along with Vennessa Arbelaez, individually, as natural parent and next friend of Jeremiah Singleton, and as personal representative of the Estate of Jennessa Singleton, made demand upon ANPAC, both as the liability insurer for Jeremy Singleton and as the UM/UIM carrier for Omar Arbelaez. Omar Arbelaez and Vennessa Arbelaez also filed a wrongful death and personal injury lawsuit against ANPAC in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, captioned as Case No. D-1329-CV-2008-02128.

The Arbelaezes and ANPAC, through legal counsel, subsequently negotiated a settlement of the Arbelaezes' claims. On November 25, 2008, Omar Arbelaez and Vennessa Arbelaez each executed a settlement agreement in which they agreed to release ANPAC from all claims. The Release in Full and Indemnity Agreement executed by Vennessa Arbelaez included a settlement on behalf of minor Jeremiah Singleton, which required the approval of the Thirteenth Judicial District Court. On November 25, 2008, the Thirteenth Judicial District Court entered an order

dismissing Case No. D-1329-CV-2008-02128 with prejudice. The Thirteenth Judicial District Court also entered an order approving the settlement on behalf of minor Jeremiah Singleton.

On April 18, 2011, despite the settlement agreement and dismissal with prejudice of the Arbelaezes' lawsuit more than two years earlier, attorney George Bleus sent a letter to ANPAC, stating that the Arbelaezes intended to make a claim for additional insurance benefits for the personal injuries and deaths resulting from the November 20, 2006, accident. Mr. Bleus explained that the Arbelaezes' insurance coverage limits may have been reformed by two recent New Mexico Supreme Court opinions, *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, 149 N.M. 157, 245 P.3d 1209, and *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214. Accordingly, Mr. Bleus asserted that the Arbelaezes' claim should have settled for more than the amount tendered by ANPAC.

On May 23, 2011, in response to the letter from Mr. Bleus regarding the Arbelaezes' intent to seek additional insurance benefits, ANPAC filed a Complaint for Declaratory Judgment,[3] asking the Court to enter judgment that Omar Arbelaez is bound by the terms of the settlement agreement and is barred from asserting any further claims related to the November 20, 2006, accident.

On June 20, 2011, Omar Arbelaez and Vennessa Arbelaez filed suit in the First Judicial

---

[3] On May 23, 2011, ANPAC filed a COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 1) (Complaint for Declaratory Judgment). On June 16, 2011, Omar Arbelaez filed DEFENDANT OMAR ARBELAEZ', Individually, and as Personal Representative of the Estate of NORA ARBELAEZ' ANSWER TO PLAINTIFF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a foreign corporation's COMPLAINT FOR DECLARATORY JUDGMENT (Doc. No. 4).

District Court, County of Santa Fe, State of New Mexico, against ANPAC,[4] alleging nine counts: (1) breach of contract; (2) insurance company bad faith; (3) violation of the New Mexico Insurance Code Unfair Insurance Practices Act (UIPA), NMSA 1978, §§ 59A-16-1 to -30; (4) violation of the New Mexico Unfair Practices Act, 1978 NMSA, §§ 57-12-1 to -26; (5) unconscionable trade practice; (6) intentional infliction of emotional distress; (7) fraud; (8) negligent misrepresentation; and (9) unreasonable delay. The Arbelaezes base all the claims in the Arbelaez Complaint on ANPAC's failure to reform Omar Arbelaez's insurance policy to provide greater UM/UIM coverage after the New Mexico Supreme Court filed the *Weed Warrior* and *Jordan* opinions in October 2010.

On July 11, 2011, ANPAC removed the Arbelaez Complaint to this Court, and the case was captioned as Case No. CIV 11-612 JP/GBW. On September 8, 2011, the Court consolidated ANPAC's Complaint for Declaratory Judgment with the Arbelaez Complaint.[5]

---

[4] On June 20, 2011, Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of Jeremiah Singleton, a minor, filed a COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM & TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT (UIPA); VIOLATION OF UNFAIR BUSINESS & TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; & UNREASONABLE DELAY (Doc. No. 1-1 in Case No. CIV 11-612 JP/GBW) (Arbelaez Complaint). On July 20, 2011, ANPAC filed its ANSWER TO COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM AND TO RECOVER DAMAGES FOR BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT; VIOLATION OF UNFAIR BUSINESS AND TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY (Doc. No. 4 in Case No. CIV 11-612, JP/GBW) (ANPAC Answer).

[5] The Court entered an ORDER OF CONSOLIDATION (Doc. No. 19), consolidating Case No. CIV 11-612 JP/GBW into Case No. CIV 11-443 JP/GBW for all purposes and ordering that all future filings should be in the electronic docket for Case No. CIV 11-443 JP/GBW.

On November 18, 2011, ANPAC moved the Court for summary judgment[6] on ANPAC's Complaint for Declaratory Judgment. On March 19, 2012, the Court granted summary judgment in ANPAC's favor against Omar Arbelaez. *See* Doc. No. 55. The Court concluded that retroactive application of the New Mexico Supreme Court's opinions in *Weed Warrior* and *Jordan* does not allow the Court to reopen the parties' settlement agreement or the Thirteenth Judicial District Court's dismissal with prejudice of Case No. D-1329-CV-2008-02128. Doc. No. 55, at 14. The Court declined to grant summary judgment in ANPAC's favor against Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of Jeremiah Singleton, because Vennessa Arbelaez was not named as a defendant in ANPAC's suit for declaratory judgment. *Id.*

On April 11, 2012, ANPAC moved the Court for leave to file an Amended Answer and Counterclaim for Declaratory Judgment in Case No. CIV 11-612 JP/GBW.[7] On May 7, 2012, the Court granted ANPAC leave to file an Amended Answer and Counterclaim for Declaratory Judgment. *See* Doc. No. 65. The Court also reminded the parties that, under the Order of Consolidation, all filings in these consolidated cases should be in the docket for Case No. CIV 11-443 JP/GBW. *Id.* at 8. On May 8, 2012, ANPAC filed an Amended Answer and

---

[6] On November 18, 2011, ANPAC filed AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 35) (Motion for Summary Judgment). Omar Arbelaez did not file a Response.

[7] On April 11, 2012, ANPAC filed a MOTION AND ARGUMENT IN FAVOR OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM IN CASE NO. CIV 11-612 JP/GBW (Doc. No. 17 in the electronic docket for Case No. CIV 11-612).

Counterclaim for Declaratory Judgment.[8]

## DISCUSSION

**A.     Motion for Extension of Time for Appeal in Case No. CIV 11-443 JP/GBW**

On April 18, 2012, Omar Arbelaez filed a Motion to Extend Time for Appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Doc. No. 57. Omar Arbelaez explains that the Court's MEMORANDUM OPINION AND ORDER entered on March 19, 2012, in Case No. CIV 11-443 JP/GBW did not dispose of all claims in Case No. CIV 11-612 JP/GBW. Doc. No. 57, at 4. Omar Arbelaez requested an extension of the time to file a notice of appeal until after the Court enters an order disposing of all claims raised in both consolidated cases. *Id.*

ANPAC opposes Omar Arbelaez's Motion to Extend Time for Appeal. *See* Doc. No. 64. ANPAC argues that there is not good cause to grant an extension because Omar Arbelaez could have filed a notice of appeal before the deadline. *Id.* at 4-5. At the June 20, 2012, hearing before

---

[8] On May 8, 2012, ANPAC filed its FIRST AMENDED ANSWER TO COMPLAINT FOR PERSONAL INJURY; LOSS OF CONSORTIUM AND TO RECOVER BREACH OF CONTRACT; INSURANCE COMPANY BAD FAITH; UNFAIR INSURANCE PRACTICES ACT; VIOLATION OF UNFAIR BUSINESS AND TRADE ACT; UNCONSCIONABLE TRADE PRACTICE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; FRAUD; NEGLIGENT MISREPRESENTATION; AND UNREASONABLE DELAY AND COUNTERCLAIM FOR DECLARATORY JUDGMENT; and also its COUNTERCLAIM FOR DECLARATORY JUDGMENT AS AGAINST OMAR ARBELAEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NORA ARBELAEZ, DECEASED; VENNESSA ARBELAEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNESSA SINGLETON, DECEASED; AND AS PARENT AND NEXT BEST FRIEND OF JEREMIAH SINGLETON, A MINOR (Doc. No. 66). On May 29, 2012, the Arbelaezes filed COUNTER-DEFENDANTS OMAR ARBELAEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NORA ARBELAEZ, DECEASED; VENNESSA ARBELAEZ, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JENNESSA SINGLETON, DECASED; AND AS PARENT AND NEXT BEST FRIEND OF JEREMIAH SINGLETON, A MINOR'S ANSWER TO AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT (Doc. No. 70).

this Court, ANPAC's counsel conceded that Omar Arbelaez timely filed his Motion to Extend Time for Appeal and that the Court has discretion to grant the motion.

In the Reply, Omar Arbelaez explains that there does exist good cause for the Court to grant an extension because the remaining claims in Case No. CIV 11-612 JP/GBW are "integral and related to those claims that were disposed of," and thus, in the interests of judicial economy, it is more appropriate to await the resolution of all claims before an appeal is filed. Doc. No. 67, at 2. Additionally, Omar Arbelaez informed the Court that "Defendant Arbelaez has filed a Motion for Relief from Judgment pursuant to NMRA 1-060(B) with the State District Court requesting that the Honorable George P. Eichwald set aside the prior settlement of this matter." *Id.* at 3. In Omar Arbelaez's view, the resolution of the pending issue in state court "will have a direct impact upon the claims in this case, including any contemplated appeals." *Id.* at 3-4. Finally, at the June 21, 2012, hearing before the Court, Mr. Valle informed the Court that the Arbelaezes recently hired Mr. Valle and his co-counsel to represent the Arbelaezes on appeal, and that they currently are reviewing the case file in preparation for an appeal.

Ordinarily, a party who seeks to appeal a judgment or order of the district court must file a notice of appeal "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). But the district court may extend the time to file a notice of appeal if two conditions are met. First, the party seeking the extension must file its motion "no later than 30 days after the time prescribed by . . . Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). Second, the party filing the motion must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii).

In this case, the parties agree that Omar Arbelaez timely filed the Motion to Extend Time for Appeal by filing his motion thirty days after the Court granted ANPAC summary judgment

in Case No. CIV 11-443 JP/GBW. The Court finds that the pendency of Case No. CIV 11-612 JP/GBW constitutes good cause to grant the Motion to Extend Time for Appeal because Case No. CIV 11-443 JP/GBW and Case No. CIV 11-612 JP/GBW involve related questions of fact and law. Additionally, the Court recognizes that the Arbelaezes' recently retained attorneys are preparing to file any appeals in these consolidated cases. Under these circumstances, the Court concludes that Omar Arbelaez's Motion to Extend Time for Appeal should be granted, and that the extension should be indefinite at this time because the Court is uncertain how long it will take to resolve the remaining claims in Case No. CIV 11-612 JP/GBW.

**B.      Motion for Jury Trial in Case No. CIV 11-443 JP/GBW**

On March 19, 2012, the Court granted summary judgment in ANPAC's favor against Omar Arbelaez, thereby resolving the only claim in Case No. CIV 11-443 JP/GBW. *See* Doc. No. 55. Accordingly, Omar Arbelaez's Motion for a Jury Trial (Doc. No. 21) in Case No. CIV 11-443 JP/GBW will be denied as moot.

**C.      ANPAC's Counterclaim for Declaratory Judgment in Case No. CIV 11-612 JP/GBW**

In order to resolve expeditiously the remaining claims in these consolidated cases so that the Arbelaezes may proceed with an appeal, at the June 20, 2012, hearing the Court asked ANPAC's counsel to file a dispositive motion on ANPAC's Counterclaim for Declaratory Judgment in Case No. CIV 11-612 by Friday, June 22, 2012. The Court also ordered expedited briefing on ANPAC's motion. The Arbelaezes may file a Response by June 29, 2012, and ANPAC may file a Reply by July 6, 2012.

**IT IS ORDERED THAT:**

(1)  DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL, PURSUANT TO FED. R. APP. RULE 4(a)(5) (Doc. No. 57) is GRANTED;

(2)  DEFENDANTS' MOTION FOR JURY TRIAL (Doc. No. 21) is DENIED as moot; and

(3)  American National Property and Casualty Company should file any dispositive motion on its Counterclaim for Declaratory Judgment (Doc. No. 66) by June 22, 2012. The Arbelaezes may file a Response by June 29, 2012. ANPAC may file a Reply by July 6, 2012.

_____
UNITED STATES DISTRICT COURT JUDGE