IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
a foreign corporation,

    Plaintiff,

vs.                                                                                                           No. CIV  11-443 JP/GBW

OMAR ARBELAEZ, Individually
and as Personal Representative of
the Estate of NORA ARBELAEZ,

    Defendant.

CONSOLIDATED WITH:

OMAR ARBELAEZ, Individually and as
Personal Representative of the Estate of
NORA ARBELAEZ, deceased;
VENNESSA ARBELAEZ, Individually and as
Personal Representative of the Estate of
JENNESSA SINGLETON, deceased;
and as Parent and Next Best Friend of
JEREMIAH SINGLETON, a minor,

    Plaintiffs,

vs.                                                                                                           No. CIV  11-612 JP/GBW

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    Defendant American National Property and Casualty Company (ANPAC) moves the

Court for summary judgment on its Counterclaim for Declaratory Judgment in Case No. CIV 11-

612 JP/GBW.[1] ANPAC asks the Court to enter a judgment declaring that Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of minor Jeremiah Singleton, have no valid claims for any additional damages arising out of a single-car accident that occurred on November 20, 2006, because the parties entered into a settlement of all claims, and the state court entered a dismissal with prejudice of the Arbelaezes' lawsuit for wrongful death and personal injury. The Court concludes that ANPAC's Motion for Summary Judgment should be granted against all Plaintiffs in Case No. CIV 11-612 JP/GBW for the reasons provided in the Court's March 19, 2012, Memorandum Opinion and Order (Doc. No. 55).

## BACKGROUND

In this Memorandum Opinion and Order the Court will provide only a brief recitation of the facts relevant to ANPAC's present Motion for Summary Judgment. For a more comprehensive description of the factual background in these consolidated cases, see the Court's Memorandum Opinion and Order (Doc. No. 55), filed March 19, 2012.

These cases stem from a tragic single-car accident that occurred on November 20, 2006. As a result of the accident, Jeremy Singleton and Jennessa Singleton died, and Vennessa

---

[1] On June 22, 2012, ANPAC filed AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT IN CASE NO. CIV 11-612 JP/GBW (Doc. No. 74) (Motion for Summary Judgment). On June 28, 2012, the Arbelaezes filed VANNESSA ARBELAEZ', Individually; and as Personal Representative of the Estate of JENNESSA SINGLETON and as Next Best Friend of JEREMIAH SINGLETON'S RESPONSE IN OPPOSITION TO ANPAC'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 75) (Response). On July 6, 2012, ANPAC filed a REPLY BRIEF OF AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT IN CASE NO. CIV 11-612 JP/GBW (Doc. No. 78) (Reply).

Arbelaez, Jeremiah Singleton, and Nora Arbelaez were injured. Nora Arbelaez sustained severe injuries and died on June 8, 2008.

Omar Arbelaez owned the car and had automobile insurance through ANPAC. After the accident, Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, along with Vennessa Arbelaez, individually, as natural parent and next friend of Jeremiah Singleton, and as personal representative of the Estate of Jennessa Singleton, filed a wrongful death and personal injury lawsuit against ANPAC in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, captioned as Case No. D-1329-CV-2008-02128.

The Arbelaezes and ANPAC, through legal counsel, subsequently negotiated a settlement of the Arbelaezes' claims. On November 25, 2008, Omar Arbelaez and Vennessa Arbelaez each executed a settlement agreement in which they agreed to release ANPAC from all claims resulting from the November 20, 2006, accident, in exchange for ANPAC's payment of specified amounts of insurance benefits. *See* RELEASE IN FULL AND INDEMNITY AGREEMENT (Doc. No. 1-1); RELEASE IN FULL AND INDEMNIFICATION AGREEMENT (Doc. No. 1-2). The Release in Full and Indemnity Agreement executed by Vennessa Arbelaez included a settlement on behalf of minor Jeremiah Singleton, which required the approval of the Thirteenth Judicial District Court.

On November 25, 2008, the Thirteenth Judicial District Court entered an order dismissing Case No. D-1329-CV-2008-02128 with prejudice. *See* ORDER OF DISMISSAL (Doc. No. 1-3). The Thirteenth Judicial District Court also entered an order approving the settlement on behalf of minor Jeremiah Singleton. *See* ORDER APPROVING SETTLEMENT (Doc. No. 1-4).

On April 18, 2011, despite the settlement agreement and dismissal with prejudice of the Arbelaezes' lawsuit more than two years earlier, the Arbelaezes expressed to ANPAC their intent to make a claim for additional insurance benefits for the personal injuries and deaths resulting from the November 20, 2006, accident. *See* Doc. No. 1-5. The Arbelaezes argued that their insurance coverage limits may have been reformed by two recent New Mexico Supreme Court opinions, *Progressive Northwestern Insurance Co. v. Weed Warrior Services*, 2010-NMSC-050, 149 N.M. 157, 245 P.3d 1209, and *Jordan v. Allstate Insurance Co.*, 2010-NMSC-051, 149 N.M. 162, 245 P.3d 1214.

On May 23, 2011, ANPAC filed a Complaint for Declaratory Judgment, Case No. CIV 11-443 JP/GBW, against Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, seeking a judgment precluding Omar Arbelaez from asserting additional claims against ANPAC arising from the November 20, 2006, accident.

On June 20, 2011, Omar Arbelaez and Vennessa Arbelaez filed suit in the First Judicial District Court, County of Santa Fe, State of New Mexico, against ANPAC. Each of the nine counts in the Arbelaez Complaint is based on ANPAC's failure to reform Omar Arbelaez's insurance policy to provide greater UM/UIM coverage after the New Mexico Supreme Court filed the *Weed Warrior* and *Jordan* opinions in October 2010. On July 11, 2011, ANPAC removed the Arbelaez Complaint to this Court, and the case was captioned as Case No. CIV 11-612 JP/GBW. On September 8, 2011, the Court consolidated the Arbelaez Complaint, Case No. CIV 11-612 JP/GBW, into ANPAC's Complaint for Declaratory Judgment, Case No. CIV 11-443 JP/GBW, for all purposes and ordered that all future filings should be in Case No.

CIV 11-443 JP/GBW.[2]

On November 18, 2011, ANPAC moved the Court for summary judgment on ANPAC's Complaint for Declaratory Judgment. Doc. No. 35. ANPAC asked the Court to enter an order granting ANPAC's Motion for Summary Judgment and a judgment declaring that Omar Arbelaez, and, by extension, the Estate of Nora Arbelaez, Vennessa Arbelaez, the Estate of Jennessa Singleton, and Jeremy Singleton, have no viable claims against ANPAC for additional monies, whether such claims are based on contract law, statutory law, common law, or otherwise. *Id.* at 11. On March 19, 2012, the Court granted ANPAC's Motion for Summary Judgment with regard to Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez. Doc. No. 55, at 15. The Court reasoned that retroactive application of the New Mexico Supreme Court's opinion in *Jordan*, 2010-NMSC-051, does not operate to reopen the parties' settlement agreements or the final state court judgment in Case No. D-1329-CV-2008-02128. *See id.* at 13. But the Court declined to grant ANPAC summary judgment against Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, or as parent and next best friend of minor Jeremiah Singleton, because in the Complaint for Declaratory Judgment ANPAC did not name as defendants Vennessa Arbelaez, the Estate of Jennessa Singleton, or Jeremiah Singleton. *Id.* at 14-15.

On May 8, 2012, ANPAC filed an Amended Answer and Counterclaim for Declaratory Judgment in Case No. CIV 11-612 JP/GBW. Doc. No. 66; *see also* MEMORANDUM OPINION AND ORDER, Doc. No. 65 (permitting ANPAC to file an Amended Answer and Counterclaim). In its Counterclaim for Declaratory Judgment, ANPAC asks the Court to enter a judgment

---

[2] *See* ORDER OF CONSOLIDATION (Doc. No. 19).

providing that Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of minor Jeremiah Singleton, have no viable claims arising out of the November 20, 2006, accident due to the binding effect of the settlement agreements and the final state court judgment.

## DISCUSSION

ANPAC now seeks summary judgment in Case No. CIV 11-612 JP/GBW on its Counterclaim for Declaratory Judgment against Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of minor Jeremiah Singleton. *See* Motion for Summary Judgment. ANPAC seeks declaratory relief identical to that granted by this Court in its March 19, 2012, Memorandum Opinion and Order (Doc. No. 55). *Id.* at 2.

Vennessa Arbelaez opposes ANPAC's Motion for Summary Judgment. Vennessa Arbelaez explains that on May 4, 2012, counsel for the Arbelaezes filed a Motion for Relief from Judgment under Rule 1-060(B) NMRA in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, in Case No. D-1329-CV-2008-02128. Response at 2. Vennessa Arbelaez asks the Court to suspend all federal court proceedings in this case until after the state court rules on the Rule 1-060(B) motion. *Id.* In the alternative. Vennessa Arbelaez contends that summary judgment is not appropriate because the "Vennessa Arbelaez Plaintiffs did not waive or otherwise forego their rights as against ANPAC for *Hovet* or bad faith claims." Response at 4-5. Additionally, Vennessa Arbelaez argues that the Thirteenth Judicial District Court is the proper forum for this dispute and asks the Court to decline to exercise jurisdiction over this case

because the case raises "an exclusively state court issue." *Id.* at 5, 10. Vennessa Arbelaez asserts that the state court should reopen Case No. D-1329-CV-2008-02128 under the authority of *Salas v. Mountain States Casualty Co.*, 2009-NMSC-005, 145 N.M. 542, 202 P.3d 801.[3] Finally, Vennessa Arbelaez argues that the Court should not grant summary judgment because there exists a disputed issue of material fact as to "whether the Vennessa Arbelaez Plaintiffs are properly considered Class I or Class II insureds for the purpose of uninsured/underinsured motorist coverage." Response at 9.

The Court has reviewed the arguments raised in the Response and concludes that none have merit. First, in the Release in Full and Indemnity Agreement, Vennessa Arbelaez agreed to release ANPAC from all claims, "known or unknown, whether developed or undeveloped, on account of or in any way growing out of any and all known and unknown personal injuries, property damage, or claims of whatever nature," resulting from the November 20, 2006, accident, in exchange for ANPAC's payment of specified amounts of insurance benefits. Doc. No. 1-1. Second, the Court has jurisdiction over Case No. CIV 11-612 JP/GBW, including ANPAC's Counterclaim for Declaratory Judgment. *See* 28 U.S.C. § 1332(a) (providing that the federal district court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000); 18 U.S.C. 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such

---

[3] In *Salas*, the New Mexico Supreme Court held that, where an insurer has notice that a Class II insured has a suffered a compensable injury in an insured motor vehicle, that insurer has an affirmative duty to provide the Class II insured with a copy of the insurance policy or some documentation of its terms, regardless of whether the Class II insured is represented by counsel. 2009-NMSC-005, ¶¶ 17, 24, 28.

declaration[.]"). Third, to the extent that the *Salas* case is relevant to this federal court case, the Court concludes that entering a declaratory judgment in this case would not be contrary to the Supreme Court's holding in *Salas*. It appears that the lawyer who represented both Omar Arbelaez and Vennessa Arbelaez was in possession on certified copies of all relevant ANPAC policies before Omar and Vennessa Arbelaez executed the releases of their claims and the state court approved the settlement at their request and the request of their lawyer. *See* Reply, Ex. A (Doc. No. 78-1). Finally, although the parties dispute whether Vennessa Arbelaez is a Class I or Class II insured, that disputed issue of fact is irrelevant to the Court's resolution of ANPAC's Motion for Summary Judgment. The Court's reasoning in the March 19, 2012, Memorandum Opinion and Order applies regardless of whether Omar Arbelaez and Vennessa Arbelaez are Class I or Class II insureds.

The Court concludes that summary judgment should be granted in Case No. CIV 11-612 JP/GBW in favor of ANPAC and against Omar Arbelaez, individually and as personal representative of the Estate of Nora Arbelaez, and Vennessa Arbelaez, individually, as personal representative of the Estate of Jennessa Singleton, and as parent and next best friend of minor Jeremiah Singleton, for the reasons stated in the Court's March 19, 2012, Memorandum Opinion and Order (Doc. No. 55).

**IT IS ORDERED THAT** AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT IN CASE NO. CIV 11-612 JP/GBW (Doc. No. 74) is GRANTED.

_____
UNITED STATES DISTRICT COURT JUDGE